IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENESIS INSURANCE
COMPANY,
    Plaintiff,

v.

AHMED O. ALFI, et al.,
    Defendants.

Case No. 2:05-CV-401
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Alfi's Motion requesting that the Court Amend its March 23, 2006 Order and Certify the decision for Interlocutory Appeal. (Doc. #104). The Court also considers the Motion of Defendants Lorsch and Teich on the same issue. (Doc. #110). For the reasons that follow, these motions are denied.

### I.

This Court previously issued an *Opinion and Order* denying Motions to Dismiss filed by Defendants Ahmed O. Alfi, Robert H. Lorsch, and Richard M. Teich ["Defendants"] on the basis of alleged lack of personal jurisdiction. (Doc. #82). Approximately six weeks after the Court's decision, Defendants filed Motions to Amend the Court's Order requesting that this Court certify the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Defendants also seek a stay of proceedings in this Court, should the Court entertain the request for appeal. The Court now considers the merits of Defendants' requests.

### A. Interlocutory Appeal - Standard.

28 U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A party seeking relief under this statute must show: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) immediate appeal would materially advance the ultimate termination of the litigation. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.1993), citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir.1974)). Review under § 1292(b) "should be sparingly granted and then only in exceptional cases." *Id.* at 170, citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir.1966); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir.2002).

### B. Analysis.

Defendants contend that the foregoing elements are satisfied. First, Defendants argue that whether there is personal jurisdiction is a controlling question of law because if the Court is without jurisdiction, the case must be dismissed in this court. Second, Defendants argue that

2

there is substantial ground for difference of opinion on the conclusion that there is personal jurisdiction in this case. Third, Defendants argue that an appeal would materially advance the litigation because the Sixth Circuit has a "strong interest in adjudicating the important issue of the jurisdictional reach of the courts within this circuit." (Doc. #104 at 6).

In response, the Plaintiff argues that the Court's decision does not involve a controlling question of law but rather involves the application of established law to the particular facts in this case. According to Plaintiff, Defendants are simply unhappy with the Court's decision on the exercise of personal jurisdiction. Plaintiff also argues that an appeal will not materially advance this litigation because the case would proceed as to the remaining Defendant who has not challenged personal jurisdiction. The Plaintiff further argues that there is no need to stay the instant action[1].

The Court concludes that its earlier decision on the exercise of personal jurisdiction as to Defendants Alfi, Lorsch and Teich, does not satisfy the standard for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Contrary to Defendants' arguments, the decision does not involve a controlling question of law of which there is substantial ground for difference of opinion. The law applied by the Court is well-established[2]. Although Defendants take issue with the application of the facts to the law, this does not transform the Court's decision into one warranting relief under § 1292(b). Furthermore, an appeal would not materially advance this action since this case would remain active as to the Defendant who has not challenged

---

[1]The Court notes that Plaintiff has filed a Motion for Leave to File a Supplemental Memorandum to address arguments raised by Defendants in their Reply. The Motion for Leave (Doc. #128) is granted.

[2]The decisions on which Defendants rely in support of their motions are distinguishable because they involve novel issues of law.

3

jurisdiction. In sum, the Court concludes that an interlocutory appeal is not warranted. In view of this conclusion, the Defendants' request to stay proceedings in this Court is rendered moot.

## II.

Defendant Alfi's Motion requesting that the Court Amend its March 23, 2006 Order and Certify the decision for Interlocutory Appeal (**Doc. #104**) is **DENIED**. The Motion of Defendants Lorsch and Teich on the same issue (**Doc. #110**) is **DENIED**. Plaintiff's Motion for Leave to file a Supplemental Memorandum (**Doc. #128**) is **GRANTED**. The Clerk shall remove these motions from the Court's pending motions list.

**IT IS SO ORDERED.**

_3-27-2007_
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**