IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| GENESIS INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. C2-05-401 |
| | ) | |
| v. | ) | Judge Sargus |
| | ) | |
| AHMED O. ALFI, et al., | ) | Magistrate Kemp |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF GENESIS INSURANCE COMPANY'S
MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS
AGAINST DEFENDANT ROBERT H. LORSCH**

This matter is before the Court on Plaintiff Genesis Insurance Co.'s ("Genesis") Motion for Voluntary Dismissal of Claims Against Defendant Robert H. Lorsch pursuant to Fed. R. Civ. P. 41(a)(2).

Genesis and Lorsch have entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"). The Settlement Agreement provides that Lorsch shall pay a settlement amount to Genesis in 36 equal and consecutive monthly installments with 6% interest. It also provides for a seven-day cure period should Lorsch fail to make any installment payment in full and on time. If Lorsch fails to make any late payment within the cure period, or if any two installment payments are paid during a cure period and Genesis does not receive any other subsequent installment payment in full and on time: (i) all amounts then due under the Settlement Agreement will be accelerated with 6% interest to accrue on the unpaid balance; (ii) Genesis shall be entitled to move for or otherwise request entry of judgment by this Court in an

amount equal to all amounts then due plus 6% interest; and (iii) Genesis shall be entitled to recover from Lorsch its attorneys fees and costs incurred in the process of enforcement.

The Settlement Agreement further provides that, if Genesis intends to move for or otherwise request entry of judgment on the basis of Lorsch's breach of the payment terms of the Settlement Agreement, Genesis shall send Lorsch a Declaration of Non-Payment. Ten business days or more after the date on which the Declaration of Non-Payment has been sent to Lorsch, Genesis may move this Court for or otherwise request entry of judgment by this Court against Lorsch in accordance with the terms of the Settlement Agreement. If, however, Lorsch contends that the payment was received by Genesis on or before the cure period, then within ten days following service of Genesis's Declaration of Non-Payment, Lorsch may give a "dispute letter" to Genesis, which Genesis will file with this Court concurrently with any Declaration of Non-Payment and Proposed Order and Entry of Judgment in accordance with the terms of the Settlement Agreement.

The Settlement Agreement provides for dismissal of Genesis's claims against Lorsch with prejudice, and provides that Genesis and Lorsch agree that this Court shall retain exclusive jurisdiction to enforce or interpret the terms of the Settlement Agreement. The above description is not a complete recitation of all of the terms of the Settlement Agreement, which must be viewed to understand the terms. Nothing contained in this Order shall be interpreted to vary the rights and duties of the parties as expressed in the Settlement Agreement.

Defendant Lorsch has not filed a counterclaim in this action. Having considered the Motion, the Court finds it to be well-taken.

IT IS THEREFORE ORDERED that Plaintiff Genesis Insurance Company's Motion for Voluntary Dismissal of Claims Against Defendant Robert H. Lorsch is hereby GRANTED;

IT IS FURTHER ORDERED that Plaintiff Genesis Insurance Company's claims and causes of action against Defendant Robert H. Lorsch are hereby dismissed with prejudice, each party to bear its own fees and costs; and

IT IS FURTHER ORDERED that this Court shall retain exclusive jurisdiction to enforce or interpret the terms of the Settlement Agreement.

Signed this __4th__ day of __March__, 2008.

_____
Judge or Magistrate Judge